JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-01616-DOC-DFMDate: November 16, 2021

Title: JENNIFER WOOLFENDEN V. TARGET CORP. ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING MOTION TO REMAND [6]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 6) brought by Plaintiff Jennifer Woolfenden ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Orange.

## I. Background

### A. Facts

This case arises from a slip and fall suffered by Plaintiff while shopping in a Target Corp. ("Target") store. Mot. at 3. Plaintiff alleges that Defendant's negligent maintenance and management of the premises allowed the creation of a dangerous condition that led to Plaintiff's significant injuries. *Id.* at 3-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01616-DOC-DFM                                        Date: November 16, 2021
                                                                                                             Page 2

### B. Procedural History

Plaintiff filed suit in Orange County Superior Court on August 5, 2021 against Target and store manager on duty Carole Murphy ("Murphy") (Dkt. 1-2). On September 2, Target was served with the complaint. On September 23, Plaintiff attempted to serve Murphy at work, but Murphy was not present at that time. On September 30, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1). Plaintiff successfully served Murphy on October 3 after two other unsuccessful attempts.

Plaintiff filed this Motion to Remand on October 8, 2021. Defendant Target filed an Opposition ("Opp'n") (Dkt. 11) on October 28, 2021, and Plaintiff replied ("Reply") (Dkt. 14) on November 4, 2021.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 21-01616-DOC-DFM | Date: November 16, 2021 |
| | Page 3 |

### III. Discussion

The forum defendant rule provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Target argues that this Court has diversity jurisdiction over this action because Murphy, a California resident, was not served before Target filed for removal. Notice of Removal ¶ 9.

Courts are split on whether this language applies when a forum defendant was not served due to the timing of removal, but was subsequently served. For example, some courts have found that the language of the statute is intended to prevent fraudulent joinder for the purpose of destroying diversity. *See Khashan v. Ghasemi,* No. 10-cv-00543-MMM, 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."). And as Judge Pfaelzer noted in *Mozilo*, allowing the 'snap removal' advocated for by Target "would eviscerate the purpose of the forum defendant rule" by allowing "removability to turn on the timing of service rather than the diversity of the parties." *Mass. Mut. Life Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012); *see also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, __ F. Supp. 3d __, 2021 WL 1254352, at *6 (D. Nev. Apr. 2, 2021) ("snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against removal, public policy considerations surrounding plaintiff's choice of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2)."). The Court agrees and finds that the joinder of Murphy destroys diversity. As such the Court grants Plaintiff's Motion to Remand.

### IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |

CIVIL-GEN